PRESTON M. AVERY AND LOIS A. AVERY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Avery v. Commissioner
Docket No. 7411-94
United States Tax Court
T.C. Memo 1995-296; 1995 Tax Ct. Memo LEXIS 298; 69 T.C.M. (CCH) 3062; June 29, 1995, Filed *298 Decision will be entered for respondent. James M. Sullivan, for petitioners. Steven L. Walker, for respondent. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' 1990 Federal income tax in the amount of $ 643. Petitioners resided in San Jose, California, at the time they filed the petition. Following concessions by petitioners, the issue is whether petitioners are entitled to claim for depreciation purposes a greater cost basis in certain property than that allowed by respondent. Petitioner Preston M. Avery (petitioner) was a general engineer and contractor during the year at issue, and he had been in the construction industry since 1957. At some time in the late 1970's, *299 petitioner purchased commercial property located at 150 Kirby Avenue in Morgan Hill, California (the property); the only structure on the land at the time was a fruit stand. Over the years petitioner improved the property, adding a warehouse, utility buildings, a road, and other amenities. On their 1990 Federal income tax return, petitioners claimed a $ 735,169 cost basis in the property for depreciation purposes. Respondent subsequently determined that petitioner had a basis in the property of $ 273,000. Respondent arrived at this amount by extrapolating figures derived from building permit applications made by petitioner as well as records on file with the County Assessor's office and the Assessment Appeals Board of Santa Clara County, California. This included testimony by petitioner that the initial cost of the primary improvements had been $ 5 per square foot, rather than the $ 20 now claimed by petitioner. Under section 167(c) the basis for depreciation for property shall be determined under section 1011. Under section 1011(a) the adjusted basis is the basis prescribed by section 1012 as adjusted by section 1016. Under section 1012, the basis of the property is in general *300 its cost. That basis is adjusted to account for the cost of improvements and betterments made to the property. Sec. 1016(a)(1); sec. 1.1016-2(a), Income Tax Regs. Petitioner bears the burden of proving the basis in the property. Avery v. Commissioner, T.C. Memo. 1993-344, appeal dismissed (9th Cir., Apr. 27, 1995). Petitioner did not produce any documentary evidence concerning the cost of the improvements, and we did not find his testimony credible. In Avery v. Commissioner, supra, involving these petitioners, we observed: We find petitioner's testimony unpersuasive. Having had the opportunity to hear and observe petitioner at trial, we do not find his testimony credible on this or any other issue. Petitioner's testimony was generally evasive and frequently in conflict with his prior testimony * * *
Unlike a vintage wine, petitioner's credibility has not improved with age. His testimony concerning his lack of records was totally incredible. His other testimony was evasive to the point of being ludicrous. Petitioner presented expert testimony indicating that the property had a "reproduction cost", as of 1982, *301 of $ 710,000. Real estate appraiser, Vladimir Rivkin (Rivkin), arrived at this figure by calculating the value of the property, using the reproduction cost figures in 1995, and then discounting that amount into 1982 dollars. Rivkin relied on the book by Marshall & Swift, Commercial Valuation (1995) (Marshall & Swift), which estimates the cost per square foot of different types of industrial buildings, to calculate the 1995 cost of the property. Rivkin determined the 1982 "cost" based on charts provided in Marshall & Swift. In preparing the report Rivkin did not consider any actual costs incurred by petitioner. Although the reproduction cost analysis may be an appropriate measure of the fair market value of property (see Akers v. Commissioner, T.C. Memo. 1992-476), it does not, at least in this case, provide a reliable method of determining petitioner's cost. The record is clear that petitioner did not acquire the property at a cost of its 1982 fair market value. Petitioner improved the property acting as his own general contractor, and he was able to purchase building supplies and materials at prices not reflected by Marshall & Swift. The expert report, *302 therefore, is largely irrelevant to the issue of establishing petitioner's cost in the improvements. Petitioner has not established that his basis in the property exceeded the amount allowed by respondent. We, therefore, sustain respondent's determination. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩